### MULLIGAN v. COCKS et al.

(Supreme Court, Appellate Division, First Department. April 19, 1912.)

Mortgages (§ 268*)—Payment—What Constitutes.

The clause referring to the payment of the price in a contract for the sale of land subject to a mortgage provided for the payment of the amount of the mortgage to the broker negotiating the sale as agent for the purchaser, to be held until paid to procure an assignment of the mortgage to the purchaser, or to whoever she might designate. The mortgage covered a piece of land which was not covered by the contract of sale. *Held*, that this constituted payment of the mortgage, the provision for an assignment being merely intended to protect the purchaser if the sale was not completed; and hence the mortgage could not be enforced by the broker who was designated by the purchaser to take such assignment as against the portion of the land not covered by the sale.

[Ed. Note.—For other cases, see Mortgages, Cent. Dig. § 696; Dec. Dig. § 268.*]

Appeal from Special Term, New York County.

Action by Agnes K. M. Mulligan against David B. Cocks and others. From a judgment dismissing the complaint, plaintiff appeals. Affirmed.

Argued before INGRAHAM, P. J., and LAUGHLIN, SCOTT, MILLER, and DOWLING, JJ.

Albert P. Massey, of New York City, for appellant.
Joseph P. Howe, of New York City, for respondent Cocks.
Truman H. Baldwin, of New York City, pro se.

SCOTT, J. This is, in form, an action to foreclose a mortgage upon real property. Its true purpose, however, is to reach a fund of $5,057.60, now in the hands of the comptroller of the city of New York, being the amount of an award made in a certain street opening proceeding for a portion of the mortgaged premises taken in that proceeding. The defense, upon which the defendants have thus far succeeded, is that the mortgage has been paid, and, although the facts are somewhat complicated, it is quite clear, upon consideration, that the defense was fully established.

In the year 1907 the defendant Cocks contracted to sell to one George S. Milligan three parcels of land in the borough of the Bronx, city of New York, for the consideration of $118,000, to be paid partly in cash, partly by a mortgage executed by the purchaser, and partly by the assumption by the purchaser of existing mortgages. The contract was dated September 23, 1907, and the title was to be closed on October 26, 1907. It was not in point of fact finally closed until December. The third parcel, being the only one involved in this action, was incumbered by two mortgages, one for $28,000, and the other, being the mortgage in suit, for $10,000. This sale was negotiated by plaintiff, acting as a real estate broker, and in the interest of one Caryl A. Montgomery, who was the real purchaser. The plaintiff's husband, William G. Mulligan, a lawyer, drew the contract of sale, and acted as attorney for the purchaser, and apparently for Cocks as well.

The $10,000 mortgage covered a strip of land which at the time of sale had been taken by the city of New York for street purposes. That strip was not included in the contract of sale, and was not conveyed by Cocks. The holder of the $10,000 mortgage was pressing for payment. There was, therefore, inserted in the contract, a clause which has furnished the plaintiff with an opportunity to assert her present claim. That clause, referring to the payment of the purchase price, provides as follows:

"Ten thousand three hundred ($10,300.00) dollars on the signing of this contract, the receipt of which is hereby acknowledged, which sum is to be held by Agnes K. Mulligan as agent for the purchaser until paid to procure an assignment of a certain second mortgage in the principal sum of ten thousand ($10,000) dollars, now a lien on parcel No. 3 aforesaid, which assignment is to be made to the purchaser, or whom he may designate."

The plaintiff's claim is that this clause evinces an intention on the part of the vendor and vendee that the mortgage shall be kept alive, notwithstanding the transfer of the title, and that it has been so kept alive and is a valid instrument in her hands. The defendant Cocks, on the other hand, asserts that it was paid off with his money, and that the provision in the contract for keeping it alive was merely to protect the purchaser in case the contract was not fulfilled.

It is evident that this is the true view. The sum of $10,300 paid by the purchaser on the signing of the contract, and which was left in plaintiff's hands and used by her in acquiring a transfer of the mortgage, was a part of the consideration paid to Cocks for the land which he sold, and when the final statement of the transaction was made by plaintiff's husband, when the sale was wholly consummated,.

Cocks was charged with this sum of $10,300 as part of the consideration which had been paid to him. It is thus clear that the mortgage was paid out of Cocks' money, part of the consideration agreed to be paid him for the land. The provision that an assignment should be taken, instead of a satisfaction piece, was doubtless inserted to protect the purchaser, who was paying in advance, in case the sale was not completed, and the provision that the assignment should be made to the purchaser, or whom he might designate, was doubtless inserted because the purchaser himself was merely a dummy for Mrs. Montgomery.

The Special Term was therefore clearly right in holding that the defendant Cocks had paid the mortgage now sought to be foreclosed. The plaintiff was a party, and the most active party, to the whole transaction, and cannot claim to have been deceived, or to have acquired the mortgage in ignorance of the true facts concerning its payment.

Judgment affirmed, with costs. All concur.